Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 952 | **DATE** | 6/16/2004 |
| **CASE TITLE** | Benda vs. Per Se Tech Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Marcotte and Murphy's motion to dismiss for lack of personal jurisdiction is granted. Defendants Douglas Marcotte and Frank Murphy are hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 17 2004 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | GMA | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES F. BENDA, JR., | ) |
| Plaintiff, | ) ) |
| | ) Case No.: 04 C 952 |
| v. | ) ) |
| PER-SE TECHNOLOGIES, INC., a Delaware Corporation, DOUGLAS MARCOTTE and FRANK MURPHY, | ) ) ) ) |
| Defendants. | ) ) |

**DOCKETED**
**JUN 1 7 2004**

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff filed a two-count suit against Per-Se Technologies, Inc., Douglas Marcotte, and Frank Murphy, alleging fraudulent misrepresentation and wrongful termination. Marcotte and Murphy moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the reasons set forth below, the motion is granted.

**BACKGROUND**

Per-Se Technologies, Inc. ("Per-Se") is a Delaware corporation with its principal place of business outside of Illinois. (R. 1-1, Def.'s Notice of Removal ¶ 5.) Douglas Marcotte, the Plaintiff's former supervisor, is Senior Vice President of Sales and Marketing of the Physician Services Division at Per-Se. (R. 1-3, Compl. ¶ 3.) Frank Murphy is President of Per-Se's Physician Services Division. (*Id.* ¶ 4.) Marcotte and Murphy both reside and work in Georgia. (R. 8-1, Marcotte Decl. ¶ 2; R. 8-2, Murphy Decl. ¶ 2.)

19

Prior to February 2003, Plaintiff worked for one of Per-Se's competitors. (R. 1-3, Compl. ¶ 5.) In February 2003, Marcotte and Murphy recruited Plaintiff to join Per-Se. (*Id.*) During the recruiting and interviewing process, Marcotte represented that a certain amount of near-term sales opportunities were in the "sales pipeline." (*Id.* ¶ 7.) They would base Plaintiff's compensation, in part, upon these potential sales. (*Id.*) Marcotte also represented that the software that Plaintiff would be responsible for selling functioned suitably for the customers to whom he would sell it. (*Id.*)

Plaintiff joined Per-Se in exchange for a base salary, sales commissions, and 30,000 shares of Per-Se stock options, which would incrementally vest over a three-year period. (*Id.* ¶ 8.) Plaintiff claims that he relied upon Marcotte's representations when he left his former employer and joined Per-Se. (*Id.* ¶ 12.) After less than a year, Per-Se terminated Plaintiff. (*Id.* ¶ 26.)

Plaintiff alleges that Marcotte fraudulently misrepresented the amount of sales in the pipeline and the functionality of the software in an effort to induce him to leave his former employer and join Per-Se. (*Id.* ¶ 13.) Plaintiff further claims that Per-Se wrongfully terminated him because Per-Se wanted to deprive him of the sales commissions he expected to earn, and to keep Plaintiff's 10,000 shares of Per-Se stock options from vesting after one-year of employment. (*Id.* ¶¶ 24-26.)

Plaintiff brought suit against Per-Se, Marcotte, and Murphy in an Illinois state court for fraudulent misrepresentation and wrongful termination. The three defendants removed the action to a federal district court. Marcotte and Murphy now seek to dismiss the case for lack of personal jurisdiction.

## LEGAL STANDARD

When a defendant files a motion to dismiss because of a lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of proving that personal jurisdiction exists. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The plaintiff must prove that a prima facie case for personal jurisdiction over the defendant exists. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In determining whether a plaintiff has met the burden, a court may consider affidavits from both parties. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). The Court must accept the plaintiff's uncontroverted allegations as true and resolve any conflicts in the affidavits in the plaintiff's favor. *Id.* The plaintiff must prove that personal jurisdiction exists for each separate claim alleged in the complaint. *Beveridge v. Mid-west Mgmt., Inc.*, 78 F. Supp. 2d 739, 744 (N.D. Ill. 1999).

## ANALYSIS

### I. The Fiduciary Shield Doctrine

Defendants Marcotte and Murphy argue that the Court should dismiss them for lack of personal jurisdiction under the fiduciary shield doctrine because their contacts with Illinois were made solely in a corporate capacity and the Plaintiff identifies no possible exceptions to the doctrine. The Court agrees.

In a diversity action, the Court has jurisdiction over the parties "only if [an Illinois state court] would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Illinois recognizes a fiduciary shield doctrine that "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Rice v. Nova*

3

*Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994). The Illinois Supreme Court has noted that where an individual defendant's conduct "was a product of, and was motivated by, his employment situation and not his personal interests…it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *United Financial Mortgage v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 894 (citing *Rollins v. Ellwood*, 141 Ill. 2d 244, 565 N.E.2d 1302, 1318, 152 Ill. Dec. 384 (Ill. 1990)). The doctrine is a discretionary, rather than absolute entitlement. *Consumer Benefit Services, Inc. v. Encore Marketing Int'l, Inc.*, No. 01 C 6985, 2002 WL 31427021, at 3 (N.D.Ill. Oct. 30, 2002).

Courts recognize two exceptions to the fiduciary shield doctrine: "(1) the shield is removed if the individual's personal interests motivated his actions, and (2) the shield generally does not apply when the individual's actions are discretionary." *Id.* Courts have held that the shield does not apply to high-ranking company officers or shareholders with a direct financial stake in company health. *United Financial*, 245 F. Supp. 2d at 895. Further, "the determinative factor is the individual's status as a shareholder, not merely as an officer or director." *Id.*, (quoting *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d. 1143, 1147 (N.D. Ill. 2001)). A plaintiff wishing to avoid application of the fiduciary shield doctrine "needs only to allege in good faith that the actions complained of advanced personal rather than employer interests." *Cargo Pacific Logistics, Inc., v. Concord Express, Inc.*, 1997 U.S. Dist. LEXIS 1493, No. 96 C 2558, 1997 WL 106241 at 4 (N.D.Ill. Feb. 6, 1997)).

Plaintiff does not dispute that the fiduciary shield doctrine applies to Marcotte and Murphy. In fact, he failed to respond to this argument. Defendants' contacts with

4

Illinois were business-related. Marcotte's contacts with Illinois in the past decade amount to no more than ten trips, all solely for business purposes. (R. 8-1, Marcotte Decl. ¶ 5.) Murphy's Illinois contacts are fewer in number and similarly limited to business trips. (R. 8-2, Murphy Decl. ¶¶ 4-6.)

Further, Plaintiff does not satisfy either exception to the fiduciary shield doctrine. Plaintiff does not allege that either Defendant acted to further his personal interests. In fact, Plaintiff asserts that Defendants "at all relevant times... acted within the scope of their authority and employment for Per-Se and with the express authority to act as alleged...." (R. 1-3, Compl. ¶ 5.) Plaintiff does not allege that either Marcotte or Murphy was a shareholder or had a direct financial stake in the company. He also does not contend that either Marcotte or Murphy's actions were discretionary.

Marcotte and Murphy are entitled to the protection of the fiduciary shield doctrine. Accordingly, the motion to dismiss is granted.[1]

## II. Removal does not Constitute Waiver of a Personal Jurisdiction Defense

Plaintiff has suggested that Defendants waived the right to assert a personal jurisdiction defense under Federal Rules of Civil Procedure 12(h)(1) by removing this case to federal court. This suggestion fails as a matter of law. *See Allen v. Ferguson*, 791 F.2d 611, 614 (7th Cir. 1986) (noting that a defendant does not waive any objection to personal jurisdiction by removing a state-court action to a federal district court.)

---

[1] Because the fiduciary shield doctrine applies, the Court need not decide whether personal jurisdiction exists over Marcotte or Murphy.

## CONCLUSION

The fiduciary shield doctrine shields Marcotte and Murphy from the jurisdiction of this Court. Marcotte's and Murphy's contacts with Illinois came solely in a corporate capacity and Plaintiff has failed to identify any applicable exception to the fiduciary shield doctrine. Accordingly, Marcotte and Murphy's motion to dismiss is granted.

Dated: June 16, 2004                ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

6